## David Clem

| | |
|---|---|
| **From:** | David Clem |
| **Sent:** | Thursday, November 30, 2023 5:38 PM |
| **To:** | Johnna Moss |
| **Cc:** | Robert R. Feuille; Henry Becker |
| **Subject:** | RE: Valley Chile Properties, LLC v. Truist Bank / RFP to Truist Bank |

Robert—you must be joking. You haven't even served us yet. Nor have we conducted a Rule 26 conference. The discovery period is not open and your requests are void. Please have the courtesy to respond to my email from Tuesday, when I said you have not yet served the bank and I offered to sign a waiver of service form.

In the meantime, I will review the email you sent this afternoon regarding return of the funds to Western Heritage under an HHL.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** Johnna Moss <Jmos@scotthulse.com>
**Sent:** Thursday, November 30, 2023 5:32 PM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** Robert R. Feuille <Bfeu@scotthulse.com>; Henry Becker <hbec@scotthulse.com>
**Subject:** Valley Chile Properties, LLC v. Truist Bank / RFP to Truist Bank

**External:Sent from outside Johnston Clem Gifford**

---

Mr. Clem:

Attached, please find Plaintiff Valley Chile Properties, LLC's Request for Production to Defendant Truist Bank.

If you should have any questions, please do not hesitate to contact us.

Johnna Moss, ACP
*Advanced Certified Paralegal*

**ScottHulse PC | 130 Years of Commitment**
**Main:** 915.533.2493 **Fax:** 915.546.8333
jmos@scotthulse.com | ScottHulse.com | Twitter: @ScottHulseLaw
One San Jacinto Plaza
201 E. Main Dr., Ste. 1100
El Paso, Texas 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*



EXHIBIT 1-B

**CONFIDENTIALITY NOTICE**

The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VALLEY CHILE PROPERTIES, LLC | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | No: 3:23-CV-00420-KC |
| | ) | |
| TRUIST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF VALLEY CHILE PROPERTIES, LLC's**
**REQUEST FOR PRODUCTION TO**
**DEFENDANT TRUIST BANK**

Plaintiff VALLEY CHILE PROPERTIES, LLC serves this Request for Production on Defendant TRUIST BANK pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**SCOTTHULSE** PC
One Jacinto Plaza
201 E. Main Street, Ste. 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Facsimile

By: *___/s/ Robert. R. Feuille__*
**ROBERT R. FEUILLE**
Texas Bar No. 06949100
bfeu@scotthulse.com
**HENRY J. BECKER**
Texas Bar No. 24129386
hbec@scotthulse.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served by electronic transmission (email) on this 30th day of November, 2023, as follows:

David Clem
Johnston Clem Gifford PLLC
1717 Main Street, Suite 3000
Dallas, Texas 75201
dclem@johnstonclem.com

*/s/ Robert R. Feuille*
**ROBERT R. FEUILLE**

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1. The terms, "**Truist**", "**Truist Bank**", "**You**," "**Your**," or "**Defendant**," as used herein, refers to Truist Bank and any of its employees, owners, officers, directors, shareholders, agents, members, representatives, independent contractors, and anyone acting on its behalf or under its control.

2. The terms, "**Valley Chile**" or "**Plaintiff**" as used herein, refers to Plaintiff Valley Chile Properties, LLC and any of its employees, owners, officers, directors, shareholders, agents, members, representatives, independent contractors, affiliates, subsidiaries, parent companies, and anyone acting on its behalf or under its control.

3. The term "**Mr. Fuller**" refers to David C. Fuller, the sole member of Valley Chile Properties, LLC.

4. "**Document**" or "**writing**" means the complete original or a true, correct and complete copy, and any non-identical copies of any and all material in any form, written, electronic, digital, videographic, audio, or otherwise, that is written, printed, typed, photographed, recorded, or which is capable of being recorded in any form, and is subject to production under Rule 34 of the Federal Rules of Civil Procedure. The term "document" is intended to include papers, books, writings, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports or recordings of telephone or other conversations or of interviews, conferences, or meetings. It also includes diary entries, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, plans, specifications, sketches, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, lists, tabulations, sound recordings, computer entries, computer printouts, books of accounts, checks, accounting records, vouchers, and invoices reflecting business operations, financial statements, and any notes or drafts relating to the foregoing.

5. "**Communication**" or "**communications**" means any type of oral, written, digital, electronic, remote, virtual, or visual contact(s) between two or more persons in which information, facts, statements, conversations, or opinions were exchanged, imparted, or received.

6. "**Financial Record(s)**" as used herein means, by way of example, and without limitations, the original or true copies of the following items, whether written, typed, printed, recorded, computerized, digital, or electronic, recorded or reproduced by any other mechanical process, or written or produced by hand: monthly unaudited statements and/or other periodic income and profit and loss statements; periodic balance sheets; financial

statements or other statements regarding, relating, or referring to federal and state income tax returns; payment records; property tax records and payments; payroll tax records and returns; cash disbursement(s), general ledger(s); receipt(s), journal(s); bank statement(s), account statements, accounts payable(s); accounts receivable(s), cancelled check(s), invoice(s), and money order(s).

7. "**Relate**," "**pertain**," "**relating**," "**pertaining**," "**arising**," or "**regarding**" shall mean to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made.

8. "**Identify**," as used herein shall have the following meaning:

a. When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b. With respect to documents, "identify" means to give, to the extent known, the type of document; general subject matter; date of document; and author(s), addressee(s) and recipient(s).

c. With respect to a business organization or other entity that is not a natural person, "identify" means to give, to the extent known, the full name of such organization or entity; the present or last known address (designating which) of such organization or entity; and the form of such organization (*i.e.*, corporation, trust, partnership, proprietorship, joint venture, etc.).

d. With respect to a communication, "identify" means to give, to the extent known, the date, nature and purpose of the communication; the place or places where such communication occurred; each person who originated, received or participated in such communication; the type of communication (*i.e.*, letter, telegram, telephone conversation, etc.); substance of such communication; any person who authorized or ordered such communication; and any document relating or referring to, or comprising such communication.

e. With respect to an act or activity, "identify" means to state each transaction or act constituting the act or activity; to state the date such act or activity occurred; to state the place where such act or activity occurred; to identify each document referring or relating to such act or activity; to identify such person participating or engaging in such act or activity; and to identify each officer, director, agent, representative, or employee of Defendants who authorized or ordered such act or activity.

9. "**Any**" and "**each**" are understood to include and encompass all.

10. "**Person**" means any natural person or legal entity, including any corporation, partnership, proprietorship, firm, trust, association, government entity, organization, or group of persons.

11. "**Accounts**" means Truist Bank Account No. 1340023171456 ***and*** any accounts into which any of the **Wire Transfer Funds** were deposited, transferred, or credited on or after October 30, 2023.

12. "**Wire Transfer Funds**" means the $13,723,281.65 sent to Truist Bank by wire transfer, pursuant to the **Wire Transfer Order**.

13. "**Wire Transfer Order**" means that certain wire transfer order dated October 30, 2023 for which the originator was the Plaintiff, the originating bank was Western Heritage Bank, the beneficiary bank was Truist Bank, and the beneficiary was Orsinger Nelson Downing & Anderson LLP Trust, account no. 1340023171456, and the sum to be transferred was $13,723,281.65.

## INSTRUCTIONS

1. You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of Your officers, directors, agents, employees, representatives, affiliated or associated companies, or any other person or entity acting or purporting to act on Your behalf.

2. Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3. Documents shall be produced on a rolling basis as they become available.

4. If you know of any documents or things responsive to these requests which are not in your possession, custody or control, identify such documents and state the name and business address of the person who has possession, custody and control thereof. "Identify" in this context means to provide, to the extent known, the (i) type of document(s); (ii) general subject matter of the document(s); (iii) date of the document(s); and (iv) full names, present or last known addresses and present or last known places of employment of the authors(s), addressee(s) and recipient(s) thereof.

5. For any document that you claim is being withheld under claim of privilege, work product, or for any other reason, please set forth the following information:

    (a) the general subject matter of the document and a description of the file or other location where it was found;

(b) the date appearing on the document (if no date appears thereon, then the approximate date on which the document was prepared);

(c) the general nature or description of the document (i.e., whether it is a letter, memorandum, invoice, etc.);

(d) the identity of each person who prepared, authored or signed the document;

(e) the identity of each person to whom the document (or copy thereof) was addressed and/or sent;

(f) the specific basis or ground upon which the document is being withheld.

6. If there are no documents or things responsive to a request, affirmatively s state for each such request.

7. These document requests shall be deemed continuing in nature and create an ongoing obligation in accordance with the Federal Rules of Civil Procedure.

8. Unless otherwise indicated, the relevant time period is from October 30, 2023, to the present.

## PRIVILEGED MATERIAL

It is not intended that this request require the disclosure of any documents which are privileged. For any documents withheld on such grounds or any other grounds, please provide a written response with the following information:

(a) A description of the document sufficiently particular to identify it for purposes of a court order;

(b) The nature of the protection claimed;

(c) A list of all persons who participated in the production of the document; and

(d) A list of all persons to whom the document was circulated or its contents communicated.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

**REQUEST FOR PRODUCTION NO. 1:** Any and all records of or for any Accounts, including, without limitation, account agreements, signature cards, proof of identity, organizational documents, proof of authority, resolutions, credit checks, background checks, credit history records, account statements, records of each transaction in each account, opening deposit records, deposit records, withdrawal records, debit records, credit records, daily balance records, weekly balance records, monthly balance records, automatic payment or withdrawal agreements or orders, automatic deposits, automatic payments or withdrawals, checks, check orders or purchases, withdrawal records, transfer records, wire transfer records, wire transfer instructions, wire transfer orders, and ACH records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all records, written, printed, electronic, digital, or otherwise, of any freeze orders, hold orders, block orders or any other orders, directives, or edicts directed to Truist Bank or issued by or for Truist Bank for or related to any Accounts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any and all records, written, printed, electronic, digital, or otherwise, of the present status of all or any portion of the Wire Transfer Funds, including but not limited to the $5,841,023.57 which Truist Bank represented to the Court on September 22, 2023 and on September 27, 2023 as being held in the possession of, and blocked by, Truist Bank.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any and all indemnity agreements or hold harmless agreements related to the Wire Transfer Order or the Wire Transfer Funds or any portion of such funds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any and all indemnity agreements or hold harmless agreements presented by Truist Bank to Western Heritage Bank after October 30, 2023 pertaining to the Wire Transfer Order or the Wire Transfer Funds or any portion of such funds, or pertaining to Western Heritage Bank's request to Truist Bank to cancel the Wire Transfer Order or to hold or return the Wire Transfer Funds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any and all correspondence to or from Truist Bank regarding or related to the Wire Transfer Order, the Wire Transfer Funds or any portion of such funds, or any of the Accounts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any and all communications between Truist Bank and Western Heritage Bank regarding or related to the Wire Transfer Order, the Wire Transfer Funds or any portion of such funds, or any of the Accounts, whether by Fedwire, email, letter, telephone, voicemail, text, or otherwise.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any and all communications between Truist Bank and Plaintiff or Plaintiff's representatives, or between Truist Bank and Mr. Fuller or his representatives, regarding or related to the Wire Transfer Order, the Wire Transfer Funds or any portion of such funds, or any of the Accounts, whether by Fedwire, email, letter, telephone, voicemail, text, or otherwise.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Any and all communications between Truist Bank and its customer(s) or accountholder(s), or their representatives, regarding or related to the Wire Transfer Order, the Wire Transfer Funds or any portion of such funds, any of the Accounts, or Truist Bank's actions with respect to or regarding any of the Accounts, whether by email, letter, telephone, voicemail, text, or otherwise.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Any and all communications between Truist Bank and any law enforcement or regulatory agency, and any all reports or communications to any law enforcement or regulatory agency, regarding or related to the Wire Transfer Order, the Wire Transfer Funds or any portion of such funds, any of the Accounts, or Truist Bank's actions with respect to or regarding any of the Accounts.

**RESPONSE:**

--end--