## David Clem

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Friday, December 8, 2023 10:15 AM
**To:** David Clem
**Cc:** W. David Bernard; Richard Kim
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

David,

If you want or need additional time to answer the complaint, that's fine.

We will respond to the balance of your two emails when we complete a bit of research.

In the interim, the Plaintiff is willing to drop claims for return of the $5.8 million upon return of the $5.8 million to Western Heritage.

I will get back to you as soon as I can.

Thank you for your consideration.

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Wednesday, December 6, 2023 3:17 PM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

Robert—good afternoon.

I learned this afternoon that you chose to serve the bank instead of accept my offer to waive service. If you had accepted my offer and used the form on the WD Texas website, you would have saved your client the service expenses.



EXHIBIT 1-C

That also would have extended the bank's answer (and Rule 12) deadline into January. Given the December 4 service date, the bank's response deadline is now December 25.

The symmetry is unmistakable: on November 16, I called and emailed you to suggest an agreement that would have avoided the injunction hearing. You did not respond, so I prepared for the hearing over the Thanksgiving holiday. On November 28, I emailed an offer to waive service. You did not respond, so I'll be forced to prepare a Rule 12 motion over the Christmas holiday. Your litigation tactics seem designed to antagonize.

Still—an offer of compromise remains available, as I describe below. Mr. Fuller may be interested in the terms. Please respond as soon as possible.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** David Clem
**Sent:** Friday, December 1, 2023 3:39 PM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

I don't understand your messaging.

Your client has no claim, and therefore no leverage, against Truist Bank. The order indicates that you do not have a likely right to recover, which tells me we would likely succeed on a motion to dismiss. And the rules are clear about how the discovery period works, so we would also succeed on a motion for protection. The question is whether you want us to spend the time and money writing those motions. I appreciate you agreeing to withdraw your requests—but why serve discovery at all? You know the discovery period isn't open, you know you haven't served the bank yet, and you know (because I told you in person after the hearing) that the bank would be forced to resist discovery into bank customer records. The move seems unnecessarily antagonistic. And the mock apology ("my mistake"?) reads as sarcastic or condescending.

Truist will examine the HHL sent by Western Heritage and I will work with that bank's lawyer on those issues. You should know by now that Western Heritage has no valid claim against Truist either because Truist did not have "actual knowledge" of any discrepancy when it processed the wire. That bank's lawyer is likely aware of that issue (thus my brief says Truist would have only "disputed" liability to Western Heritage).

In other words, Truist's genuine exposure in this matter is zero—to either party. Typically in these situations, parties take a cooperative approach to working with the beneficiary bank. You have chosen a hostile approach, which has achieved nothing but increased legal fees.

Regarding your offer: You offer to dismiss your equitable claims upon return of the $5.8MM, and you offer to dismiss the rest of the claims if (a) Truist produces customer account information and (b) Truist agrees to return to Western Heritage any further funds related to the wire. Truist declines this offer. It is illusory for you to offer dismissal of the equitable claims—the court has ruled that they are preempted. It is also illusory for you to condition dismissal of the UCC claims because you lack standing to pursue those claims, as the court has also ruled. As for the discovery requests, I've explained why I cannot produce confidential customer information without a court order—and I've suggested you pursue discovery from a case with legitimate claims against legitimate defendants.

Regarding Truist's offer: Truist Bank offers to return the $5.8MM under the HHL to Western Heritage, presuming the HHL is found to provide adequate protection for the entire balance of the original wire. Truist Bank agrees to return any further funds that come back to Truist from other institutions related to the original wire. Valley Chili pays Truist Bank's legal fees. Mr. Fuller and Valley Chili dismiss the suit with prejudice and release claims against Truist. Again, these are discussion points, not terms that may be accepted by email.

The legal fee term is based upon the frivolous nature of the lawsuit and the frivolous and harassing nature of the discovery. The fee amount is approximately $21,000 at this point; if you are interested in this offer, I will provide an exact figure in my draft agreement. Rule 11 provides a basis for recovery of the fees. Truist should not have incurred fees at all—and your litigation tactics have unnecessarily increased those fees. Recall, for example, that you declined an offer that would have avoided the need for an injunction hearing.

Please convey this offer to your client. Upon execution of an agreement, the result will be that he receives the frozen funds back, receives a commitment from Truist Bank to return further funds, if any, and he puts the current lawsuit to bed so he may focus his efforts on more fruitful defendants.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Friday, December 1, 2023 10:05 AM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

---

David,

My mistake. I assumed from our discussion after the hearing that you wanted to resolve this case as soon as possible. The Request for Production was an effort to get information from Truist Bank that would confirm your assertions that the Bank has no culpability and is simply an innocent recipient of the wire transfer. I will certainly withdraw the Request for Production as requested. We may treat this email as the withdrawal of the said Request for Production.

Valley Chile is not willing to dismiss with prejudice at this time, although when Truist returns the $5.8 million in its possession to Western Heritage, the equitable claims seeking return of those funds will certainly be dropped.

If Truist will produce the requested information and if the information confirms your assertions and if Truist agrees to return to Western Heritage any funds that may come back to Truist from other banks, Valley Chile will certainly dismiss as you request.

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza

201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

---

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Thursday, November 30, 2023 5:02 PM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

---

I disagree with how you characterize my statements to the court. But I will get this information, and the information sent by Western Heritage, to the bank right away. May I presume that you are declining my offer below?

I must say I am shocked at how you are prosecuting this case. You sued the wrong party and instead of making the best of it, you're antagonizing my client with premature discovery. Please refer to federal rule 26 and local rule 16 regarding the stages of discovery in this court.

Step one: you haven't served the bank with process yet—I offered to sign a waiver of service form on Tuesday, but you ignored that offer. Without proper service, there is no answer date (and therefore no Rule 12 deadline). As I've told you, we intend to move to dismiss this case if we don't settle sooner. Given the court's ruling on your probable right to recovery, I feel very confident in our chances at Rule 12. But until you complete service or file a signed waiver, we are in a holding pattern.

If you're serious about finding a swift resolution, and one that avoids Rule 12 dismissal, then why wouldn't you agree to dismiss your entire case against the bank? Suggestion: Truist Bank returns the $5.8MM under the HHL to Western Heritage. Truist Bank agrees to return any further funds that come back to Truist from other institutions related to the original wire. Mr. Fuller and Valley Chili dismiss the suit with prejudice and release claims against Truist. (Again: discussion points, not terms that may be accepted by email.) Tell me you're interested in this option and I will write the proposed agreement.

Separately, I suggest you consider a suit against John Doe or some other party with genuine liability for the misdirected funds. At the appropriate time, you can issue discovery out of that case. Truist Bank will likely authorize me to accept service of that discovery.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Thursday, November 30, 2023 3:18 PM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

David,

You represented to Judge Cardone that Truist is willing to return the $5,841,023.57 when Truist receives an appropriate indemnity executed by Western Heritage Bank. We confirmed today with Western Heritage that Western Heritage did indeed deliver to Truist on November 9, 2023 the indemnity that Truist requested of and provided to Western Heritage.

Will Truist now return to Western Heritage the $5,841,023.57 that it has blocked?

Upon return of the said $5,841,023.57 to Western, Valley Chile can and will drop its claims for Money Had and Received, Restitution and Unjust Enrichment, and Constructive Trust as to those funds, to be sure. As to the balance of the funds, we expect that those claims will not apply, although to date we have no documented confirmation that the balance of the funds "left the building", as they used to say of Elvis, before November 7.

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Tuesday, November 28, 2023 10:14 PM
**To:** W. David Bernard <Dber@scotthulse.com>; Robert R. Feuille <Bfeu@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

Let's discuss global settlement as to Truist. We will return the $5.8MM under the HHL to Western Heritage. And we will return any further funds that come back to Truist from other institutions related to the original wire. Mr. Fuller and Valley Chili dismiss the suit with prejudice and release claims against Truist.

To be clear, these are discussion points, not terms that may be accepted by emails.

I'm in a deposition tomorrow but back in the office Thursday afternoon. Let me know your thoughts please. Thanks.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

**From:** David Clem
**Sent:** Tuesday, November 28, 2023 1:36 PM
**To:** W. David Bernard <Dber@scotthulse.com>; Robert R. Feuille <Bfeu@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

Received—I'll speak to the bank right away.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

**From:** W. David Bernard <Dber@scotthulse.com>
**Sent:** Tuesday, November 28, 2023 12:57 PM
**To:** David Clem <dclem@johnstonclem.com>; Robert R. Feuille <Bfeu@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

David—nice meeting you in person yesterday. Following up on our conversation after the hearing, I have attached a copy of the Uniform Indemnification Agreement that Western Heritage Bank delivered to Truist Bank some weeks ago. As of yesterday, it does not appear that Truist has responded to WHB about the indemnity, which Truist apparently requested. If the funds can be returned to WHB as you indicated that Truist was ready to do yesterday (as long as Truist has a proper indemnity in place), then I think we can begin to resolve many if not all of the issues between our clients raised in the suit.

We are ready to do whatever we need to do to achieve that goal. Please let me and Robert know if your client needs anything else from Mr. Fuller or WHB in order to return the funds that Truist has identified as still being in its control to WHB.

Thank you for your courtesies.

David

**W. David Bernard**
*Board Certified in Commercial Real Estate Law*
*Texas Board of Legal Specialization*
**Direct:** 915.546.8205 **Main:** 915.533.2493 **Fax:** 915.546.8333
dber@ScottHulse.com | vCard | | ScottHulse.com

**ScottHulse PC** | 130 Years of Commitment
One San Jacinto Plaza
201 E. Main Dr., Ste. 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Tuesday, November 28, 2023 9:33 AM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

Robert—good morning. Looking back at the file today, I notice you haven't yet completed service of process on the bank. I can accept/waive service on behalf of the bank—if you'll prepare the form, please send it to me so I can sign & you can file. Thanks.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

**From:** David Clem
**Sent:** Wednesday, November 22, 2023 10:47 AM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

No sir. We believe injunctive relief is inappropriate. Let's talk on Monday morning; I'll be there a little early. I haven't been to this courthouse before so I'm looking forward to it.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Wednesday, November 22, 2023 10:02 AM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

Does the bank have language it would agree to?

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

---

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Tuesday, November 21, 2023 10:26 PM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

---

Good evening Robert—the bank considered the language, but must decline. Also, "no opposition" to your motion for remote testimony, in case your motion is bounced for lack of a conference. I don't expect to present testimony on Monday, but if that changes, I hope you'd be amenable to remote appearance from my witnesses also.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Tuesday, November 21, 2023 5:12 PM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>
**Subject:** FW: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

---

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

---

**From:** Robert R. Feuille
**Sent:** Tuesday, November 21, 2023 1:54 PM
**To:** David Clem <dclem@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

In an agreed order, I'd be proposing that the guts of the Preliminary Injunction provide as shown in the attachment

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

---

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Tuesday, November 21, 2023 11:25 AM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

---

Is Doc 7-1 the order that you are asking Truist to agree to?

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Tuesday, November 21, 2023 12:19 PM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

---

David,
After completing our research, I think our proposal is to enter an agreed preliminary injunction freezing the $5.8 million. I'm not sure what Truist gains by resisting a freeze order.

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®

One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

---

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Monday, November 20, 2023 2:38 PM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

Robert—may I infer that your client is not interested in the compromises I suggested last week?

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** David Clem
**Sent:** Friday, November 17, 2023 6:29 PM
**To:** 'Robert R. Feuille' <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

Robert—good evening. I know it's late on a Friday, but I didn't want this to slip away.

We're preparing an opposition to the application for temporary injunction, so we can meet the court's Nov 22 deadline. (I know your deadline is Monday the 20th). If there is an opportunity to avoid the briefing and the Nov 27 hearing, let's look for it. Let us hear your response to the suggestions below.

Thanks,
David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

---

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Thursday, November 16, 2023 10:45 AM
**To:** David Clem <dclem@johnstonclem.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

---

David,

Thank you. I'm tied up all morning. I will get back to you all.

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901
*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**
The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

---

**From:** David Clem <dclem@johnstonclem.com>
**Sent:** Thursday, November 16, 2023 9:14 AM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

****** EXTERNAL EMAIL ******

---

Good morning Robert—I just left a voicemail for you, but I wanted to get this proposal to you also. In short, the bank can't agree to a temporary injunction for a couple of reasons. First, we don't believe you can meet the standard of irreparable harm because your claim is for money only. Second, we don't believe your client can state a claim against the bank because no duty is owed.

Consider these alternatives:

- The bank has already frozen the available funds, which are about $5.8MM, and it intends to keep the freeze in place. We could agree in writing that the bank will keep the funds frozen until a court orders differently. We'd have to think about the wording, but that may provide the assurance your client is looking for.

- Or we could agree to an interpleader. The bank would file a third-party petition against its depositor client, for interpleader only. We would ask for an order that permits us to tender the funds into the court's registry, with fees paid from the funds, and then a discharge of the bank from the suit. I would ask for your agreement to the discharge before filing.

Just some thoughts. To avoid misunderstanding, this is a proposal to start a conversation; not an offer that can be accepted by email.

I'll be out of the office between 1030 to noon (central) today; otherwise available to talk. Feel free to phone Richard also if I'm unavailable—he's at 972-474-1751. Thanks.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

**From:** David Clem
**Sent:** Wednesday, November 15, 2023 7:11 PM
**To:** Robert R. Feuille <Bfeu@scotthulse.com>
**Cc:** W. David Bernard <Dber@scotthulse.com>; Richard Kim <rkim@johnstonclem.com>
**Subject:** RE: Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

Good evening Robert. Thanks for including me on the filings; I appreciate the courtesy. We have the court's TRO and, as I said yesterday, the bank has frozen the available funds.

I am not sure whether the bank would agree to a temporary injunction or not but, if it does, I suspect it would be willing to agree only to a freeze or hold on the funds—not the document production part. It seems Judge Cardone is disinclined on that aspect also. I will speak with the bank tomorrow to see if we can reach an agreement to avoid the briefing and hearing schedule.

David

David M Clem | Partner
Johnston Clem Gifford PLLC
Direct 972 474 1717 Mobile 972 465 0181

**From:** Robert R. Feuille <Bfeu@scotthulse.com>
**Sent:** Wednesday, November 15, 2023 5:17 PM
**To:** Steve_Applegate@txwd.uscourts.gov
**Cc:** David Clem <dclem@johnstonclem.com>
**Subject:** Valley Chili v. Truist Bank; Case No. 3:23-cv-00420

**External:Sent from outside Johnston Clem Gifford**

Steve,

This a newly-removed lawsuit (removed the morning from the 205th District Court across the street).

We are representing the Plaintiff. The Plaintiff was seeking a TRO in the state court before removal, and is now having to ask Judge Cardone for the same relief, a TRO.

I have attached the Plaintiff's Application for TRO and the proposed TRO filed a few minutes ago.

May I ask the Judge for a hearing on the Application?

Thank you for your help.

(I have "cc'd" Defendant's counsel.)

**Robert R. Feuille**
*Shareholder*
**Direct:** 915.546.8213 **Main:** 915.533.2493 **Fax:** 915.546.8333
Bfeu@ScottHulse.com | ScottHulse.com

**ScottHulse PC** | The Value of Commitment ®
One San Jacinto Plaza
201 E. Main Dr., Suite 1100, El Paso, TX 79901

*Offices in El Paso and San Antonio, Texas, and Las Cruces, New Mexico*

**CONFIDENTIALITY NOTICE**

The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.