IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **VALLEY CHILE PROPERTIES, LLC,** | § § | |
| Plaintiff, | § § | NO. 3:23-cv-00420-KC |
| vs. | § § | |
| **JASON M. TARTICK,** | § § | |
| Defendant. | § § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE KATHLEEN CARDONE, UNITED STATES DISTRICT JUDGE:

Plaintiff VALLEY CHILE PROPERTIES, LLC submits this Motion for Default Judgment against Defendant JASON M. TARTICK, pursuant to FED. R. CIV. P. 55(b)(2). In support of this motion, Plaintiff would respectfully show the Court as follows:

1. As evidenced by the Clerk's Entry of Default on file (s*ee Clerk's Entry of Default*, dkt #53), Plaintiff respectfully submits that Defendant JASON M. TARTICK is in default and subject to entry of a default judgment against him.

2. Defendant JASON M. TARTICK has not answered or appeared in this action and is thus not entitled to notice of this application for entry of a default judgment.

3. A defendant's default establishes the defendant's liability by admission, and the plaintiff is thereafter only required to offer evidence to support the damages sought by the plaintiff:

> Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *R.W. Amrine Drywall Co., Inc*., 239 F.Supp.2d at 30 (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id*. (citing *Adkins v. Teseo*, 180 F.Supp.2d 15,

>17 (D.D.C.2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

*Law Office G.A. Lambert & Associates v. Davidoff*, 306 F.R.D. 12, 16 (D.D.C. 2014).

4. Here, with leave of the Court, Plaintiff filed its Fourth Amended Complaint in this case on October 17, 2024, joining as Defendant JASON M. TARTICK (hereinafter "Defendant"). (*See Plaintiff's Fourth Amended Complaint*, dkt #48.)

5. On October 22, 2024, the Clerk of the Court issued a summons for Defendant. (*See Summons*, dkt #49 at 1.)

6. As evidenced by the Proof of Service on file, Defendant was properly and personally served with the summons and complaint in this case on October 28, 2024, at 128 Marilou Lane, Youngsville, North Carolina 27596. (*See Proof of Service for Jason M. Tartick*, dkt #49, at 2.)

7. Defendant's answer was due on or before November 18, 2024. (*See Affidavit in Support of Plaintiff's Request for Entry of Default*, dkt. #52, at 4-8.)

8. The time for Defendant to answer has expired. *Id.*

9. As evidenced by the Clerk's docket, Defendant has failed to appear or answer and Defendant has wholly made default. *Id.*

10. Defendant is an individual residing in Youngsville, North Carolina. *Id.*

11. Plaintiff is a sole-member limited liability company organized and operated under the laws of the State of Texas, whose sole member is a resident of the State of Texas. *Id.*

12. The amount in controversy exceeds $75,000.00. *Id.*

13. Defendant is not a minor or an incompetent person. *Id.*

14. Defendant is not a member of any branch of the military service and was not when the above-referenced complaint was filed, according to our research. (*See Plaintiff's Affidavit of Non-Military Service,* dkt. #52 at 9-14.)

15. VALLEY CHILE PROPERTIES, LLC respectfully seeks judgment against Defendant for $7,882,258.08 of economic damages bearing pre-judgment interest at the judgment rate from November 1, 2023 and post-judgment interest at the same rate from the date of entry of judgment until paid, together with reasonable attorney's fees of $149,994.20, costs of suit of $680, and exemplary or punitive damages of $15,764,516.20, bearing interest at the judgment rate from the date of entry of judgment until paid; and contingent awards of attorney's fees for post-judgment proceedings, if any, as follows: The sum $3,000.00 in the event a Motion for New Trial is filed, plus the sum of $4,000.00 if an appeal of this cause is made to the Court of Appeals, plus the sum of $1,500.00 in the event either party seeks rehearing before the Court of Appeals, plus the sum of $5,000.00 in the event either party files an appeal to the Supreme Court.

16. In support of Plaintiff's request for damages, Plaintiff offers the *Affidavit in Support of Damages* filed contemporaneously herewith and incorporated herein by reference. (*See* dkt. #56.)

17. In support of Plaintiff's request for attorney's fees, Plaintiff offers the *Affidavit in Support of Attorney's Fees* filed contemporaneously herewith and incorporated herein by reference. (*See* dkt. #57.)

18. Attached hereto as Exhibit "A" is a proposed Default Judgment.

19. This motion is based on this motion, the affidavits and the exhibits thereto, FED. R. CIV. P. 55(b)(2), and the pleadings and papers on file in this action, and on such evidence and argument as may be presented at a hearing on this motion.

**FOR THESE REASONS**, Plaintiff respectfully asks the Court to enter default judgment against Defendant JASON M. TARTICK pursuant to FED. R. CIV. P. 55(b)(2) as requested, and to grant such other and further relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

**SCOTTHULSE PC**
One Jacinto Plaza
201 E. Main Street, Ste. 1100
El Paso, Texas  79901
(915) 533-2493
(915) 546-8333 Facsimile

By: */s/ Robert. R. Feuille*
    **ROBERT R. FEUILLE**
    Texas Bar No. 06949100
    bfeu@scotthulse.com
    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>January 30, 2025</u>, I served a true and correct copy of the forgoing on all counsel of record, if any, electronically, and was served upon Defendant Jason M. Tartick by first-class mail and by certified mail, return receipt requested:

| | |
|---|---|
| Jason M. Tartick | Certified Mail, Return Receipt Requested |
| 128 Marilou Lane | and First-Class Mail |
| Youngsville, NC  27596 | |

      Due to the dismissal of former Defendant Truist Bank, former counsel of record for Truist Bank, Richard Kim and David Clem, have not been served.

                                                     /s/ *Robert R. Feuille*
                                                     **ROBERT R. FEUILLE**